IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:17CR368 |
| vs. | |
| RICHARD ALLEN KNIGHT, | FINDINGS AND RECOMMENDATION |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss Indictment.[1] (Filing No. 28.) A hearing was not held in this matter. A hearing was not necessary to decide this matter, nor was a hearing requested by Defendant. For the reasons explained below, the undersigned will recommend that the Motion to Dismiss Indictment be denied.

## BACKGROUND

On March 14, 1997, Defendant was convicted of first-degree sexual abuse in Marion County, Oregon. Following Defendant's conviction and release from prison, Congress passed the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), which imposes federal registration requirements on individual sex offenders. SORNA delegated to the Attorney General the authority to specify the applicability of the registration requirements to sex offenders convicted before July 27, 2006. 34 U.S.C. § 20913(d). On February 28, 2007, the Attorney General issued an interim rule and stated that SORNA applies "to sex offenders convicted of the offense for which registration is required before the enactment of [SORNA]." 72 Fed. Reg. 8894, 8896 (2007).

Defendant has been charged in a one-count indictment with violating SORNA. The indictment alleges that beginning on October 17, 2017, to on or about November 14, 2017,

---

[1] Defendant's motion also requested that he be granted leave to file a motion to dismiss out of time. The Court previously granted this portion of the motion. (Filing No. 30.) Therefore, all the remains pending before the Court is the motion to dismiss.

Defendant traveled in interstate commerce into Nebraska and knowingly failed to register as a sex offender. Defendant's pre-trial motions deadline expired on January 8, 2018. ([Filing No. 9](#).)

## DISCUSSION

Defendant argues that the indictment should be dismissed because Congress violated the nondelegation doctrine by delegating the authority to apply SORNA to pre-Act offenders to the Attorney General. Defendant contends that the indictment should be dismissed because the United States Supreme Court granted certiorari in *[Gundy v. United States,](#)* [695 Fed. Appx. 639 (2d Cir. 2017), *cert. granted in part,* 86 U.S.L.W. 3438 (U.S. Mar. 5, 2018) (No. 17-6086)](#) on the issue of "[w]hether SORNA's delegation of authority to the Attorney General to issue regulations under 42 U.S.C. § 16913(d) violates the nondelegation doctrine." *[Petition for Writ of Certiorari, Gundy v. United States,](#)* [2017 WL 8132120 (U.S. Sept. 20, 2017) (17-6086)](#). The Supreme Court has not issued a ruling.

The Eighth Circuit addressed the Attorney General's authority to determine SORNA's applicability to sex offenders in *[United States v. Fernandez,](#)* [710 F.3d 847 (8th Cir. 2013)](#). The Eighth Circuit concluded that "SORNA's relatively narrow delegation of authority to the Attorney General is guided by an intelligible principle and is consistent with the requirements of the nondelegation doctrine." *[Id.](#)* [at 848](#). The Eighth Circuit upheld the constitutionality of SORNA as it applies to pre-SORNA offenders.

Given this precedent, Defendant's Motion to Dismiss must be denied. The Supreme Court has yet to rule on the issue presented by Defendant. Therefore, this Court is bound to follow the standing precedent of the Eighth Circuit. *See [United States v. Swan,](#)* [327 F. Supp.2d 1068, 1071 (D. Neb. 2004)](#) ("Under principles of stare decisis, decisions of the Eighth Circuit Court of Appeals have precedential value and must be followed by the district courts within the Eighth Circuit"); *[United States v. Keahl,](#)* [No. 4:08CR3187, 2010 WL 2854469, *2 n.1 (D. Neb. July 19, 2010](#)) ("The court recognizes that the United States Supreme Court granted certiorari . . . However, without any contrary authority from the Supreme Court, the court is bound by Eighth Circuit precedent"). Given the Eighth Circuit's conclusion that SORNA does not violate the

nondelegation doctrine, the undersigned will recommend that Defendant's Motion to Dismiss be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** to Chief United States District Court Judge Laurie Smith Camp that Defendant's Motion to Dismiss Indictment ([Filing No. 28](Filing No. 28)) be denied.

Dated this 30th day of March, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.