# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>vs.<br><br>RICHARD ALLEN KNIGHT,<br><br>                            Defendant. | 8:17CR368<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion to Dismiss Indictment, ECF No. 28; the Findings and Recommendation of the Magistrate Judge, recommending that the Motion be denied, ECF No. 34; and the Defendant's Statement of Objection to Magistrate Judge's Findings and Recommendation, ECF No. 35.

Defendant Richard Allen Knight seeks dismissal of the Indictment, ECF No. 1, in which he is charged with a violation of the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a) (SORNA). He notes that the United States Supreme Court granted certiorari in *Gundy v. United States*, 695 Fed. Appx. 639 (2d Cir. 2017), *cert granted in part,* 86 U.S.L.W. 3438 (U.S. Mar. 5, 2018) (No. 17-6086), on the issue of "[w]hether SORNA's delegation of authority to the Attorney General to issue regulations under 42 U.S.C. § 16913(d) violates the nondelegation doctrine." *Petition for Writ of Certiorari, Gundy v. United States*, 2017 WL 8132120 (U.S. Sept. 20, 2017) (17-6086). He argues that SORNA's delegation of authority to the Attorney General, and the Attorney General's application of SORNA to offenders convicted before July 27, 2006, such as himself, is an unconstitutional violation of the nondelegation doctrine.

Until and unless the Supreme Court rules in the manner the Defendant suggests it should,[1] this Court is bound by the rulings of the U.S. Court of Appeals for the Eighth Circuit. In *United States v. Fernandez*, 710 F.3d 847 (8th Cir. 2013), that court held that "SORNA's relatively narrow delegation of authority to the Attorney General is guided by an intelligible principle and is consistent with the requirements of the nondelegation doctrine." *Id*. at 484. Accordingly, the Eighth Circuit has held that the Attorney General's application of registration requirements to offenders who were convicted and sentenced prior to SORNA's enactment, such as the Knight, withstands scrutiny under the nondelegation doctrine and is constitutional.

Accordingly,

IT IS ORDERED:

1. The Defendant's Statement of Objection to Magistrate Judge's Findings and Recommendation, ECF No. 35, is denied;

2. The Magistrate Judge's Findings and Recommendation, ECF No. 34, are adopted; and

3. The Defendant's Motion to Dismiss Indictment, ECF No. 28, is denied.

Dated this 6th day of April, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

[1] The Supreme Court specifically declined to address the question in *Reynolds v. United States,* 565 U.S. 432 (2012) ("Asking the Department of Justice, charged with responsibility for implementation, to examine these pre-Act offender problems and to apply the new registration requirements accordingly could have represented one efficient and desirable solution (though we express no view on Reynolds' related constitutional claim)."). *Id*. at 441.